UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN GUBB,

        Plaintiff,         CIVIL ACTION NO.  04-CV-72432-DT

  VS.                          DISTRICT JUDGE JULIAN ABELE COOK, JR.

P&M SERVICES, INC.,        MAGISTRATE JUDGE MONA K. MAJZOUB

        Defendant.
_____/

## OPINION AND ORDER ADDRESSING PENDING DISCOVERY ISSUES

Under an emergency Order of Reference dated January 16, 2007 District Judge Julian Abele Cook, Jr. referred several pending discovery issues in this action. (Docket no. 58).  The Order of Reference cited to and included a  letter dated January 10, 2007 from Mr. Mark Cantor, counsel for Plaintiff Gubb, and a letter dated January 12, 2007 from Mr. Mark Demorest, counsel for P&M Services.  Judge Cook's Order of  Reference is limited to resolving "discovery issues" raised by the parties in each of their respective letters.  In his  letter, Gubb raises five issues, and P&M raises two issues in its letter.  This Court heard oral argument on all seven issues on January 18, 2007 from Plaintiff's counsel Mr. Cantor and Defendant's counsel Mr. Demorest.  These matters are therefore now ready for ruling.  28 U.S.C. § 636(b)(1)(A).  Plaintiff's counsel Mr. Cantor advised the Court that Defendant/Counter-Plaintiff Lavallee has filed for bankruptcy.  Therefore these matters are addressed only as to Plaintiff Gubb.  Trial is scheduled to begin on January 30, 2007.

**I.      Issues Raised by Gubb**

*A.      The Use of a Damages Expert*

Plaintiff Gubb requests that he be allowed to use a damages expert at trial to analyze and respond to Defendant's damages position. Plaintiff had named an "accounting expert" on its witness list which was served on March 15, 2006. Defendant, however, failed to provide its detailed damages position during the discovery period, and did not present it to Plaintiff until December 18, 2006. As stated above, the parties are facing a January 30, 2007 trial date.

Defendant objects because Plaintiff identified his expert as an "accounting" expert on his witness list rather than a "damages" expert. Defendant further objects because the time before trial is now too limited for Plaintiff to produce an expert report and for Defendant to depose Plaintiff's expert.

The Court finds that Plaintiff sufficiently identified a damages expert on its witness list by including an "accounting" expert. Although Defendant's counsel speculated during the January 18, 2007 hearing that an accounting expert might testify on issues other than damages, there was no showing that Plaintiff's expert was being offered to testify on any issue other than damages. In addition, the parties have agreed to an expedited schedule for producing the expert report and for deposing the expert if Defendant chooses to do so. Therefore, Defendant's second objection is moot. Because of the unjustifiably late disclosure by Defendant of its specific damages claims, and because the Court finds that Plaintiff sufficiently designated a damages witness on Plaintiff's witness list, Plaintiff may call a damages expert to testify at trial.

The Court therefore orders that Plaintiff may use one damages expert at trial to analyze and respond to Defendant's damages position. Pursuant to the plan agreed to by the parties, Plaintiff's

counsel will identify its expert to Defendant's counsel by the close of business on January 19, 2007. Plaintiff will make available its expert's report no later than Friday, January 26, 2007. If Defendant wishes to depose the expert it will notify Plaintiff by noon on January 29, 2007. Plaintiff will then produce the expert for deposition at a date, time and place mutually convenient to the parties.

### B.     The Use of a Patent Law Expert

Plaintiff requests the right to use his patent expert, Mr. Wood, at trial to help explain to the jury the impact of certain actions taken by Defendant and/or its agents on the validity and enforceability of the patents-in-suit. Plaintiff's counsel concedes that he failed to list Mr. Wood on Plaintiff's witness list of March 15, 2006. Plaintiff's counsel stated during the January 18 hearing that he believed Mr. Wood could be used pursuant to the language of the stipulated order between the parties signed on October 29, 2004 and labeled "Report of Parties' Planning Conference." Defendant objects because Plaintiff failed to list Mr. Wood as a witness, because Defendant believes that expert testimony is not required in the case, and because Defendant would be prejudiced if this Court allowed Mr. Wood, heretofore not identified as an expert, to testify at trial.

Plaintiff failed to list Mr. Wood as a witness on its Witness List of March 15, 2006. Furthermore, although the October 29, 2004 stipulation between the parties in this case does allow the use of fact discovery taken in prior lawsuits between the parties, it does not address the use of prior opinion discovery. The stipulation specifically states that the parties agree "that **fact** discovery taken in the lawsuits in the U.S. District Courts in Florida, California and Wisconsin may be used in this case as if the discovery had been taken in this case." Report of Parties' Planning Conference, Oct. 29, 2004, at 2-3 (emphasis added). The stipulation further specifies that interrogatory answers, answers to requests for admissions and depositions may be used in this case. However, no mention

whatsoever is made as to expert discovery or the use of an expert witness who produced an expert report in a prior case, as Mr. Wood authored in the Wisconsin action. The Court concludes that there was no agreement between the parties to automatically allow the use of prior experts or prior expert opinions in the trial of the instant case, without properly designating the witnesses to be called and the expert reports to be relied upon. Mr. Wood has not been deposed by Defendant. For these reasons, Plaintiff's request to use Mr. Wood as a patent law expert at trial is denied.

### C.   *The Imminent Lavallee Bankruptcy*

As mentioned earlier, Mr. Lavallee has declared bankruptcy according to Plaintiff's counsel. The parties do not believe that this requires any action from this Court, and the Court agrees. The effects of the bankruptcy of one of the original plaintiffs is a procedural trial matter to be addressed by Judge Cook.

### D.   *The Asserted Patent Claims*

Defendant expressed its intent to proceed seriatim in asserting claims for the patents-in-suit at trial, rather than proceed by a representative-claims scheme which Plaintiff prefers. This matter is better raised in a motion in limine before the trial judge and Plaintiff is invited to do so.

### E.   *P&M's Additional Witnesses*

On January 5, 2007 Defendant identified six additional fact witnesses for trial. Plaintiff objects because these witnesses did not appear on Defendant's witness list and because the time for conducting depositions before trial is very limited. Counsel for Defendant stated at the January 18 hearing that he had narrowed his list down to three new witnesses: Mr. Rusen, Mr. Casteel, and Mr. Salee. Plaintiff's counsel then agreed to allow these witnesses to testify at trial as long as Defendant produces them for depositions on or before January 29, 2007. The Court so orders.

**II.     Issues Raised by P&M**

   *A.     Evidence Regarding Validity of Foreign Patents*

Defendant requests that the Court find that certain evidence that Plaintiff intends to introduce at trial regarding the validity of foreign patents is irrelevant or inadmissible under Fed. R. Evid. 403. This clearly is not a discovery issue, but rather is an evidentiary matter which should be the subject of a motion in limine raised before Judge Cook.

   *B.     Prior Art*

On December 27, 2006 Plaintiff provided a Notice pursuant to 35 U.S.C. § 282, identifying approximately forty- nine U.S. and foreign patents as prior art (categorized as Art of Record and Additional Prior Art). Defendant requests that Plaintiff identify the specific claims of their patents to which each item of the prior art designated as "Additional Prior Art" is allegedly relevant. Counsel for Defendant stated in the January 18, 2007 hearing that he never sought discovery on this issue because he did not believe that prior art would be an issue at trial. The Court finds that the issue of prior art was foreseeable for Defendant. The identification of prior art is more often than not a focal issue in patent cases. Furthermore, section 282, which provides for disclosure of prior art not later than thirty days before trial, puts parties on notice that discovery should be undertaken on this issue to prevent any undue surprise on the eve of trial. The issue of prior art, including additional prior art, is an issue which Defendant should have diligently pursued during discovery. Defendant failed to do so within the discovery period which expired on March 6, 2006. The Court will therefore deny Defendant's request.

   The Court notes that both parties have proceeded with a disturbing lack of respect for the Federal Rules of Civil Procedure during the discovery period of this case. Defendant failed to seek

5

discovery on an issue central to most patent cases, prior art, and also failed to timely identify fact witnesses for trial.  Plaintiff failed to identify its patent expert on its witness list and also failed to ensure that the stipulation entered into addressed the use of previously-taken expert discovery.  These are egregious missteps.  The emergency hearing convened to address the issues brought before the court would not have been necessary had the parties conducted themselves more responsibly.

**IT IS THEREFORE ORDERED** that Plaintiff may use one accounting damages expert at trial to analyze and respond to Defendant's damages position.  The parties will follow the procedures set out in the body of this Order for the identification of the expert, the production of the expert report, and the possible deposition of the expert by Defendant.

**IT IS FURTHER ORDERED** that Plaintiff's request to use a patent law expert at trial is denied.

**IT IS FURTHER ORDERED** that Defendant may use additional fact witnesses Rusen, Casteel, and Salee at trial.  Defendant shall produce them for deposition on or before January 29, 2007.

**IT IS FURTHER ORDERED** that Defendant's request that the Court order Plaintiff to provide further information regarding his Notice pursuant to 35 U.S.C. § 282 is denied.

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 19, 2007                           s/ Mona K. Majzoub
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: January 19, 2007          s/ Lisa C. Bartlett
                                                Courtroom Deputy